**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**PAUL WALDRIP, JR.**                                                                      **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 3:16cv64-WHB-MTP**

**CAROLYN W. COLVIN**                                                           **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis* [2].  Having considered Plaintiff's submission, the undersigned recommends that the Motion be denied and that Plaintiff be directed to pay the filing fee.

Plaintiff Paul Waldrip filed his Complaint [1] on February 1, 2016, challenging the Commissioner's denial of social security benefits. Plaintiff filed his Motion for Leave to Proceed IFP [2] and Affidavit [3] in support the same day.

In making the IFP determination, the Court may consider the total monetary resources available to assist Plaintiff.  "There is no absolute right to be allowed to proceed *in forma pauperis* in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. U.S.*, 415 F.2d 1115, 1116 (5th Cir. 1969).  28 U.S.C. § 1915(a)(1) is designed to provide access to federal courts for plaintiffs lacking the financial resources to pay any part of the statutory filing fees. *See Barnes v. Secretary, Dept. of Treasury*, 2010 WL 4220422 (S.D. Miss. Sept. 16, 2010).  The Court must examine the financial condition of Plaintiff in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).  The granting or denying of IFP status is left to the sound discretion of the district court. *Willard v. United States*, 299 F. Supp. 1175, 1177 (N.D.

1

Miss. 1969). "Section 1915 is designed to protect those litigants who suffer true financial hardship, not those who are well-equipped to pay the filing fee but choose to allocate their resources in a different manner." *McCoy v. Colvin*, 2013 WL 868682, at *1 (W.D. Ark. Mar. 7, 2013)

A review of the financial information submitted with the motion reflects that the Plaintiff is not employed and receives no monthly income, except for $194 per month of public assistance in the form of food stamps. *See* Affidavit [3] at 2.  The Plaintiff monthly expenses include $194 for food and $120 in medical expenses. *Id.* at 4. However, the record also reflects that the Plaintiff currently lives with his mother, who pays all of his expenses. *Id.* at 5. He has no dependants and has incurred no debt. *Id.* at 3. Most importantly, the Plaintiff represents that he has a 401k worth approximately $6,000, which he keeps "in case of an emergency." *Id.*

Although the Plaintiff is not currently receiving a monthly income, it appears he has no expenses and approximately $6,000 at his disposal. Several courts have considered a plaintiff's access to retirement accounts when considering motions to proceed IFP. *See United States ex rel. McCandliss v. Sekendur*, 2014 WL 1088302, at *2 (N.D. Ill. Mar. 17, 2014) (denying IFP status where the plaintiff received $375 per month in social security benefits, $180 per month in food stamps, and had access to a retirement account worth $32,000); *see also In re Mactruong*, 335 Fed. App'x 156 (3d Cir. 2009) (denying IFP status where, among other assets, a plaintiff had an IRA account worth $8000); *Byrd v. Atmos Energy*, 2010 WL 5139503 (N.D. Tex. Nov. 22, 2010) (denying IFP status where, among other assets, plaintiff had a 401k account valued at $16,000). Plaintiff's financial status should allow him to pay the filing fee in order to commence this action without undue hardship if given a reasonable amount of time to tender the requisite amount.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that:

1.      Plaintiff's Motion for Leave to Proceed *in forma pauperis* [2] be DENIED,

2.      Plaintiff be given sixty (60) days to pay all of the costs associated with the filing of this lawsuit, and

3.      Should Plaintiff fail to timely pay all of the costs associated with the filing of this lawsuit, this matter be dismissed without prejudice and without further notice.

## <u>NOTICE OF RIGHT TO OBJECT</u>

In accordance with the rules, any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the Judge, the Magistrate Judge and the opposing party.  The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 6th day of January, 2015.

s/ Michael T. Parker
United States Magistrate Judge

3